UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
4-94-CR-42(01)(JMR/JGL)
[redacted])

United States of America )
)
v. ) ORDER
)
Juan Manuel Valenzuela-Obeso )

Petitioner seeks relief under 28 U.S.C. § 2255, claiming: (1) the government failed to prove both the quantity and type of illegal drugs ascribed to him, in violation of the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000); (2) the indictment failed to include the drug quantity, also in violation of the rule announced in Apprendi; (3) the petitioner is actually innocent; and (4) the Court wrongly enhanced his sentence based on an invalid § 851 indictment. Petitioner's claims fail.

I. Background

For many years, petitioner and his brother, Jose Ramiro Valenzuela-Obeso, organized a large drug importation and distribution organization in Minnesota. In 1994, petitioner was indicted on various counts of conspiracy to distribute illegal drugs, conspiracy to launder money, possession with intent to distribute, and use of a juvenile in connection with a drug trafficking crime.

At trial, the government presented extensive evidence proving petitioner's involvement in both the drug and money laundering

FILED
RICHARD D. SLETTEN, CLERK
JAN 15 2002
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS

crimes, including physical evidence obtained during a legal search, testimony by several drug couriers and dealers, testimony linking petitioner to the money laundering, and testimony by veteran law enforcement officials. A jury found petitioner guilty on Count 1 -- conspiracy to distribute and possess with the intent to distribute heroin, cocaine, marijuana and methamphetamine from January 1, 1990, to March 2, 1994; Count 3 -- possession with intent to distribute 58.6 pounds of marijuana; Count 4 -- possession with intent to distribute cocaine; and Count 8 -- conspiracy to launder money from February 26, 1991, until March 1, 1994. On July 26, 1996, the Eighth Circuit Court of Appeals affirmed the conviction. On June 25, 2001, Petitioner filed this motion.

## II. Analysis

### A. The Petition is Time-Barred

Initially, the Court notes petitioner's failure to file his § 2255 petition within the one-year period established by statute. See 28 U.S.C. § 2255. As a result, his petition is untimely.

While there is a split among the circuits as to when the one-year limitation period begins, here, the one-year period has expired regardless of which approach is used. Two appellate courts have found that the limitation period begins when the court issues its mandate in the direct criminal appeal. See United States v. Torres, 211 F.3d 836, 839-41 (4th Cir. 2000); Gendron v. United

States, 154 F.3d 672, 674 (7th Cir. 1998). Over four years have now passed since the appellate court issued its decision affirming the judgment of this Court. Petitioner filed this motion on June 25, 2001, well past the one-year deadline.

The other appellate courts have held that, where no petition of certiorari has been filed, the judgment of conviction becomes final when the time for seeking certiorari review expires. See United States v. Gamble, 208 F.3d 536, 537 (5th Cir. 2000); United States v. Burch, 202 F.3d 1274, 1278 (10th Cir. 2000); Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999). The 90-day period for filing a petition for writ of certiorari expired over three years before petitioner filed this motion. Under either analysis, petitioner's habeas petition is time-barred.

Petitioner cannot utilize § 2255's tolling provisions to extend the limitations period. He does not claim government action prevented him from pursuing his claims, see 28 U.S.C. § 2255(2), or that he has acquired previously unavailable evidence, see 28 U.S.C. § 2255(4).

The Eighth Circuit Court of Appeals has determined that the rule in Apprendi is not a "watershed" rule which is retroactively available on collateral review. See United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001) (limiting the application of Apprendi to cases on direct review). As a result, the tolling provision of 28 U.S.C. § 2255(3) is also inapplicable to petitioner's motion.

Even if he had raised the claim in a timely manner, he procedurally defaulted the claim by failing to raise it on direct review. See id. at 1001-03; Dukes v. United States, 255 F.3d 912 (8th Cir. 2001).

B. Apprendi Claims

Petitioner also claims the jury failed to make an independent determination of drug quantity, as required by the United States Supreme Court's Apprendi decision. See Apprendi v. United States, 530 U.S. 466 (2000). Petitioner, however, failed to raise this issue in his direct appeal. See United States v. Martha Elana Gonalez, 90 F.3d 1363 (8th Cir. 1996). His claim is therefore barred, because Apprendi is not applicable to cases on collateral review. Apprendi v. New Jersey, 530 U.S. 466; Moss, 252 F.3d at 997. A petition under § 2255 cannot substitute for a direct appeal. See United States v. Wilson, 997 F.2d 429, 431 (8th Cir. 1993). Having failed to raise the issue on direct appeal, petitioner is barred from doing so here.

Petitioner's two Apprendi claims also fail on the merits. He was sentenced to 292 months, within his guideline range and below the 30-year statutory maximum applicable under 21 U.S.C § 841(b)(1)(C) to a defendant with prior felony drug convictions. Because his sentence falls below the statutory maximum, it does not implicate Apprendi. See United States v. Bradford, 246 F.3d 1107, 1113 (8th Cir. 2001); United States v. Aguayo-Delgado, 220 F.3d

926, 933-34 (8th Cir. 2000).

C. Actual Innocence

Petitioner alleges in his reply brief that he is actually innocent because the jury did not make a threshold finding as to drug quantity. Petitioner has not shown actual innocence. "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" See Bousley v. United States, 523 U.S. 614, 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995) (citations omitted)). Actual innocence demands factual innocence, not mere legal insufficiency. See id. at 624. Petitioner presents no evidence that he did not conspire to distribute and possess heroin, cocaine, marijuana, and methamphetamine, nor does he show that he did not aid and abet the distribution of these drugs. He similarly fails to present evidence that he did not conspire to conduct financial transactions involving the proceeds of unlawful activity. He has not presented any evidence demonstrating actual innocence.

Petitioner argues that the government filed a § 851 information to increase the statutory maximums and minimums for his sentence. He contends that this § 851 information is invalid, because (1) it was not submitted to a grand jury; and (2) the government did not prove his prior conviction beyond a reasonable doubt. Petitioner further argues that Apprendi invalidates cases

otherwise upholding the use of the § 851 information.

The decision in Apprendi explicitly excludes enhancements based on prior convictions from the rule requiring juror decisions on sentencing enhancements. See 530 U.S. at 489-90; see also United States v. Rush, 240 F.3d 729, 731 (8th Cir. 2001) . Petitioner was convicted of possession of heroin, a drug felony, in the State of Minnesota. The Court need not have submitted this fact to either the grand jury or the jury before using the prior conviction to enhance petitioner's sentence. The enhancement in this case is constitutional and does not violate the principles established in Apprendi.

The Court has also considered whether issuance of a Certificate of Appealability ("COA") is appropriate. See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied.

2. No Certificate of Appealability will be issued in this case.

Dated: January 14th, 2002

JAMES M. ROSENBAUM
United States District Chief Judge